SCHOTT, Judge.
After being charged with armed robbery in violation of LSA R.S. 14:64, defendant and co-defendant, Michael Augustine, were convicted of attempted armed robbery. Defendant was sentenced to twenty years at hard labor without benefit of probation, parole, or suspension of sentence. In his only assignment of error he contends the sentence is excessive.
On the night of August 4, 1984, as three ladies were walking toward their car in the French Quarter in New Orleans they saw two men approaching them. As they passed one of the men grabbed one lady’s purse knocking her to the ground, and the other man lunged toward her with a knife. She screamed, catching the attention of a state policeman who was nearby in a marked car, but off duty. The policeman caught the subjects, noticed a purse on the ground, and bent over to retrieve it, whereupon one of the suspects fled. The policeman called for help and the fleeing suspect was apprehended nearby. A knife was found on his person. Both suspects were brought to the ladies who unanimously identified them as the robbers.
We have examined the record for errors patent and find none.
In his only assignment of error defendant contends his sentence is excessive. He argues that the trial judge did not adequately discuss the sentencing guidelines contained in C.Cr.P. Art. 894.1 and, particularly, failed to discuss or consider the mitigating factors listed in the article.
The trial judge gave the following reasons for the sentence:
“The defendant stands convicted by jury of the crime of attempted armed robbery. The evidence shows that he and another man accosted three young women on the streets of the French Quarter and robbed one with a knife of her purse and other property. This defendant is twenty-two (22) years old, single, and gives his occupation as laborer. His criminal record shows arrests for simple robbery, aggravated rape, simple kidnapping, resisting arrest, possession of marijuana and receiving stolen things. None of these charges were accepted by the district attorney. The defendant shows absolutely no concern for whether his criminal conduct would cause serious harm nor is there any evidence of provocation of his want and [sic] conduct. Although he has no prior convictions, the circumstances of his present offense convince this Court that he is in need of a substantial period of correctional treatment in a custodial environment. (Sen. Tr. 2-3)”
We are satisfied that these reasons at least by implication incorporate the guidelines contained in Art. 894.1(A) which are as follows:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
*1185 (2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.
The stated reasons also demonstrate that the trial judge specifically concluded mitigating guidelines (2), (3), (7), (8), (9) and (11) found in Art. 894.1(B). He noted defendant’s lack of concern that his conduct could cause serious harm; that there was no provocation for his conduct; that he had a history of prior criminal activity as opposed to leading a law abiding life; that he was in need of a custodial environment which implies that his criminal conduct was not unlikely to occur and that it was not unlikely that he would commit another crime; and that he was single, implying no hardship on dependents.
From our examination of the record we find that none of the other mitigating factors enumerated in Art. 894.1(B) is applicable to this defendant. Specifically, defendant’s conduct did threaten serious harm, there is no excuse or justification for his wanton and cruel conduct, the victim and her companions did nothing to induce the crime, compensation is inapplicable to the case, and nothing supports the theory that he would respond affirmatively to probation. Defendant had the opportunity to present mitigating circumstances and offered none.
Since the trial court did adequately comply with Art. 894.1 the only question is whether the sentence is so severe as to constitute an abuse of the trial court’s sentencing discretion. Here we have a defendant, who in the company of another, violently accosted three women on a New Orleans street at night, grabbed a purse, threw one woman on the ground, and threatened her with a knife. The sentence of twenty years is less than half of the maximum he could have received. We are not persuaded the sentence is excessive.
AFFIRMED.